1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

13    FRANCISCO MURILLO,                         Case No.  1:22-cv-00021-AWI-SKO

14                    Plaintiff,

15          v.                                   **ORDER TRANSFERRING CASE**

16

17    GARDENA POLICE DEPARTMENT, et al.,

18                    Defendants.
      _____/

19

20          On January 4, 2022, Plaintiff Francisco Murillo, a state prisoner proceeding *pro se*, filed a

21    complaint against Defendants Gardena Police Department, "Emergency Sector," Gardena Fire

22    Department, and "Lisa Bloom, Counsel Attorney."  (Doc. 1.)  The complaint purports to allege

23    claims pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights that apparently

24    took place in Gardena, California.  (*See id.*)

25          The federal venue statute requires that a civil action, other than one based on diversity

26    jurisdiction, be brought only in "(1) a judicial district in which any defendant resides, if all

27    defendants are residents of the State in which the district is located; (2) a judicial district in which a

28    substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

1  property that is the subject of the action is situated; or (3) if there is no district in which an action

2  may otherwise be brought as provided in this section, any judicial district in which any defendant is

3  subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

4      While Plaintiff is currently housed at a correctional institution within this judicial district,[1]

5  none of the defendants as specified reside in this district.[2]  The claims are also alleged to have arisen

6  in Gardena, California (*see* Doc. 1 at 1), which is in the Western Division of the Central District of

7  California.  Therefore, Plaintiff's action should have been filed in the United States District Court

8  for the Central District of California, Western Division.  In the interest of justice, a federal court

9  may transfer a complaint filed in the wrong district to the correct district.  *See* 28 U.S.C. § 1406(a);

10  *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).

11      Based on the foregoing, IT IS HEREBY ORDERED that this matter is transferred to the

12  United States District Court for the Central District of California, Western Division.[3]

13
14  IT IS SO ORDERED.

15  Dated:  __**January 6, 2022**__          __/s/ *Sheila K. Oberto*__
16                                     UNITED STATES MAGISTRATE JUDGE

17
18
19
20
21
22
23
24
25
26

---

[1] Plaintiff alleges he is currently an inmate at the California Correctional Institution in Tehachapi, California.  (*See* Doc. 1 at 1.)

[2] All of the defendants are listed as located in Gardena, California, except for "Emergency Sector" and Ms. Bloom, whose locations are unspecified.  (*See id.* at 2.)

[3] In view of the transfer, this Court has not ruled on Plaintiff's request to proceed *in forma pauperis* (Doc. 2).